IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MAY SISK,** <br> **individually,** <br><br> Plaintiff, <br><br> v. <br><br> **WGW PROPERTIES, LLC** <br> **a limited liability company,** <br><br> Defendant. | Case No._____ |

## COMPLAINT

Plaintiff MAY SISK ("SISK" or "Plaintiff") hereby sues Defendant WGW PROPERTIES, LLC ("Defendant") pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), and its implementing regulations, the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG") and alleges as follows:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA. This Court is vested with original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant WGW PROPERTIES, LLC's failure to remove physical barriers to access and violations of Title III of the ADA.

2. Venue is properly located in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b) because venue lies in the judicial district of the property situs or the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. The

Defendant's property is located in and does business within this judicial district and all events giving rise to this lawsuit occurred in this judicial district.

3. Plaintiff, MAY SISK, is and has been at all times relevant to the instant matter, a natural person residing in Tennessee and is sui juris.

4. Plaintiff is an individual with disabilities as defined by the ADA and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching. Plaintiff uses a wheelchair for mobility purposes.

5. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Plaintiff's motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make her home community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on the subject property, including returning to Sonic as soon as it is accessible ("Advocacy Purposes").

6. Defendant, WGW PROPERTIES, LLC, is a limited liability company conducting business in the State of Tennessee and within this judicial district.

**FACTUAL ALLEGATIONS**

7. In August of 2019, Plaintiff was a patron at Sonic, a business of public accommodation located at 444 Murfreesboro Road, Nashville, Tennessee.

8. WGW PROPERTIES, LLC, is the owner, lessor, and/or operator/lessee of the real property and improvements that are the subject of this action, specifically Sonic and its attendant

facilities, including vehicular parking and exterior paths of travel within the site identified by the Nashville Planning Department by Parcel ID: 10601016300 ("Subject Facility", Subject Property).

9. Plaintiff lives within three miles from the Subject Facility.

10. Because Sonic is in the vicinity of the Plaintiff's residence, she is regularly in the area where the subject facility is located, specifically, each time she travels north on Murfreesboro Pike toward town which occurs numerous times every week.

11. Plaintiff's access to Sonic located at 444 Murfreesboro Road, Nashville, Tennessee ("Subject Property", "Subject Facility"), and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendant, WGW PROPERTIES, LLC, is compelled to remove the physical barriers to access and correct the ADA violations that exist at Sonic, including those set forth in this Complaint.

12. Plaintiff has visited Sonic at least once before as a patron and advocate for the disabled. Plaintiff intends on revisiting Sonic within six months of the filing of this Complaint or sooner, as soon as the barriers to access detailed in this Complaint are removed. The purpose of the revisit is to be a regular patron, to determine if and when Sonic is made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

13. Living in the immediate vicinity, Plaintiff intends on revisiting Sonic to enjoy the same dining experience and related services as a non-disabled patron as well as for Advocacy Purposes, but does not intend to re-expose herself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

14. Plaintiff traveled to Sonic as a patron and as an independent advocate for the disabled, encountered and/or observed the barriers to access that are detailed in this Complaint, engaged those barriers where physically possible, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Sonic.

## COUNT I – CLAIM FOR INJUNCTIVE RELIEF
### (Against Defendant for ADA Violations)

15. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

16. Sonic is a public accommodation and service establishment.

17. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

18. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

19. Sonic must be, but is not, in compliance with the ADA and the ADAAG.

20. Plaintiff has attempted to, and has to the extent possible, accessed Sonic in her capacity as a patron at Sonic and as an independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Sonic that preclude and/or limit her access to Sonic and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

21. Plaintiff intends to visit Sonic again in the very near future as a patron and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered to able-bodied patrons of Sonic but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Sonic that preclude and/or limit her access to Sonic and/or the food, beverages, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

22. Defendant, WGW PROPERTIES, LLC, has discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Sonic, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

23. Defendant, WGW PROPERTIES, LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, WGW PROPERTIES, LLC, is compelled to remove all physical barriers that exist at Sonic, including those specifically set forth herein, and make Sonic accessible to and usable by Plaintiff and other persons with disabilities.

24. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Sonic and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Sonic include, but are not limited to:

## PARKING

    a. The plaintiff could not utilize the parking facility without the fear and stress of being unable to re-enter her vehicle because of the likelihood of another vehicle being parked directly beside her vehicle because there are no designated accessible parking

spaces present in violation of Section 4.6 of the 1991 ADAAG and Sections 208 and 502 of the 2010 ADAAG. This violation made it dangerous and difficult for Plaintiff to exit and re-enter her vehicle while parked at the Subject Property.

## ACCESSIBLE ROUTES

b. The plaintiff could not safely traverse the accessible route to the outdoor seating area because the route requires wheelchair users to travel behind parked vehicles and traverse through the parking facility around the front of the restaurant and proceed into and against oncoming vehicular traffic within designated "drive-thru" vehicular traffic lane. This dangerous condition is maintained by Defendant in contravention of Section 502.3 of the 2010 ADAAG.

## RAMPS

c. The plaintiff could not safely use the curb ramp at the rear of the facility as the surface of the ramp has noncompliant changes in level due to uneven, cracked and/or broken pavement. Violation: The curb ramp surface has changes in level other than the running slope and flare slopes due to the defendant's failure to maintain this accessible element in violation of 28 CFR § 36.211, Section 4.5.2 of the ADAAG and Sections 405.4 and 406 of the 2010 ADAAG. These violations made it dangerous and difficult for Plaintiff to attempt to access the accessible restrooms which are located at the rear of Subject Facility.

d. The plaintiff could not independently use any of the four curb ramps at the front of the facility without suffering overexertion and fatigue because the running slopes of the curb ramps are too steep. Violation: The curb ramps have runs which exceed the maximum slope requirement (8.33%) set forth in Section 4.7.2 of the 1991 ADAAG and Section 406.1 of the 2010 ADAAG. These violations made it dangerous and difficult for Plaintiff to access the Subject Facility.

## EXTERIOR SEATING AREA

e. The plaintiff could not utilize the outdoor seating because there is not enough clear floor space and/or knee and toe clearance for access to individuals in wheelchairs at the tables in the exterior dining area in violation of Sections 4.32 and 4.33 of the 1991 ADAAG and Section 902.2 of the 2010 ADAAG. This violation

Page **6** of **12**

Case 3:20-cv-00282   Document 1   Filed 03/31/20   Page 6 of 12 PageID #: 6

prevented access to Plaintiff equal to that of able-bodied individuals and caused her embarrassment and humiliation.

## MAINTENANCE PRACTICES

f. Defendant has a practice of failing to maintain the accessible features of the facility, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211. This practice prevented access to the plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff danger, anxiety, humiliation and/or embarrassment.

g. Defendant has a practice of failing to maintain the accessible elements at the Subject Facility by neglecting its continuing duty to review, inspect, and discover transient accessible elements which by the nature of their design or placement, frequency of usage, exposure to weather and/or other factors, are prone to shift from compliant to noncompliant so that said elements may be discovered and remediated. Defendant failed and continues to fail to alter its inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the Subject Facility in violation of 28 CFR § 36.211, the 1991 ADAAG, and the 2010 ADAAG. These violations, as set forth hereinabove, made it impossible for Plaintiff to experience the same access to the food, beverages, services, facilities, privileges, advantages and accommodations of the Subject Facility as Defendant's able-bodied patrons and caused him danger, anxiety, embarrassment and/or humiliation.

h. Defendant has failed to modify its discriminatory maintenance practices to ensure that, pursuant to its continuing duty under the ADA, the Subject Property remains readily accessible to and usable by disabled individuals, including Plaintiff, as set forth herein, in violation of 28 CFR § 36.302 and 36.211. This failure by Defendant prevented access to the plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff danger, anxiety, humiliation and/or embarrassment.

25. The discriminatory violations described above are not an exhaustive list of the Defendant's current barriers to equal access and violations of the ADA because Plaintiff was unable to access and assess all areas of the subject premises due to the architectural barriers encountered. A complete list of the subject location's ADA violations affecting the Plaintiff as a

wheelchair user, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34. Once the Plaintiff personally encounters discrimination, as alleged above, or learns of discriminatory violations through expert findings of personal observation, she has actual notice that the defendant does not intend to comply with the ADA.

26. The defendant has a practice of failing to maintain the accessible elements at the Subject Facility by neglecting its continuing duty to review, inspect, and discover transient accessible elements which by the nature of their design or placement, frequency of usage, exposure to weather and/or other factors, are prone to shift from compliant to noncompliant, so that said elements are discovered and remediated. Defendant failed and continues to fail to alter its inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the Subject Facility in violation of 28 CFR §§ 36.202 and 36.211. These violations, as referenced hereinabove, made it impossible for Plaintiff, as a wheelchair user, to experience the same access to the goods, services, facilities, privileges, advantages and accommodations of Sonic as Defendant's able-bodied patrons.

27. Accessible elements at Sonic have been altered and/or constructed since 2010.

28. The foregoing violations are violations of the 1991 ADAAG, and the 2010 ADAAG, as adopted by the U.S. Department of Justice. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

29. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

Page **8** of **12**

Case 3:20-cv-00282   Document 1   Filed 03/31/20   Page 8 of 12 PageID #: 8

30. Each of the violations alleged herein is readily achievable to modify to bring Sonic into compliance with the ADA.

31. Removal of the physical barriers and dangerous conditions present at Sonic is readily achievable because of the site conditions at the subject property, the structural design of the subject facility, and the straightforward nature of the necessary modifications.

32. To assist businesses in offsetting the costs associated with complying with the ADA and removing barriers to access for individuals with disabilities, Section 44 of the IRS Code provides a tax credit for small business owners, and Section 190 of the IRS Code provides a tax deduction for all business owners, including the Defendant.

33. Removal of the physical barriers and dangerous conditions at Sonic is readily achievable because of the relative low cost of the necessary modifications and the Defendant has the financial resources to make the modifications, including the financial assistance made available to Defendant by the government pursuant to Section 44 and/or Section 190 of the IRS Code.

34. By continuing to maintain and/or operate the subject property with discriminatory conditions in violation of the ADA, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to able bodied individuals of the general public.

35. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); additionally, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including people who use wheelchairs, 28

CFR 36.402; and finally, if the Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA. To date, Defendant has failed to comply with this mandate.

36. Plaintiff is without adequate remedy at law and is suffering irreparable harm and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant, WGW PROPERTIES, LLC, is required to remove the physical barriers, dangerous conditions and ADA violations that exist at Sonic, including those alleged herein. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

37. Plaintiff's requested relief serves the public interest.

38. Plaintiff's counsel is entitled to recover its reasonable attorneys' fees and costs of litigation from Defendant, WGW PROPERTIES, LLC pursuant to 42 U.S.C. §§ 12188, 12205 and 28 CFR 36.505. Plaintiff will be denied full and equal access to the subject premises, as provided by the ADA unless the injunctive relief requested herein is granted.

39. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed, and ordering Defendant to fulfill its continuing duty to maintain the accessible features at the premises in the future as mandated by 28 CFR 36.211.

WHEREFORE, the Plaintiff prays as follows:

A. That the Court find Defendant, WGW PROPERTIES, LLC, in violation of the ADA and ADAAG;

B. That the Court enter an Order requiring Defendant, WGW

PROPERTIES, LLC, to (i) remove the physical barriers to access and (ii) alter Sonic to make the subject property readily accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant, pursuant to 28 C.F.R. §36.211, to fulfill its continuing duty to maintain its accessible features and equipment so that the facility remains accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

D. That the Court enter an Order directing Defendant to implement and carry out effective policies, practices, and procedures to maintain the accessible features and equipment pursuant to 28 C.F.R. §36.302 and 28 C.F.R. §36.211.

E. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

F. An award of attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205;

G. An award of interest upon the original sums of said award of attorney's fees, costs (including expert fees), and other expenses of suit; and

H. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated this the 31st day of March, 2019.

Respectfully submitted,

By: *s/ J. Luke Sanderson*
J. Luke Sanderson, Esq.
Counsel for Plaintiff
Tennessee State Bar No.: 35712

Of Counsel:

Wampler, Carroll, Wilson & Sanderson, P.C.
44 N 2nd Street, Ste 502
Memphis, TN 38103
Telephone: (901) 523-1844
Email: luke@wcwslaw.com


**DEFENDANT TO BE SERVED:**
WGW PROPERTIES, LLC
c/o William G. West, as Registered Agent
12 E. Bockman Way
Sparta, TN 38583-2009